IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA J. TILLISON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL ASTRUE, )<br>Commissioner, Social )<br>Security Administration, )<br>)<br>    Defendant. ) | Case No. CIV-06-505-M |

## REPORT AND RECOMMENDATION

Plaintiff Linda Tillison seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should order reversal and remand for further proceedings.

### BACKGROUND

Ms. Tillison applied for insurance benefits based on a disability which had allegedly begun in March 2000. *See* Administrative Record at pp. 40-44 (certified Sept. 3, 2006) ("Rec."). The Plaintiff met the requirements for insured status until December 31, 2001,[1] and had to prove a disability prior to that date.[2] The SSA denied the application initially and on reconsideration. *Id.* at pp. 28-29. A hearing took place,[3] and the administrative law judge

---

[1] *See* Rec. at p. 45.

[2] *See* 20 C.F.R. § 404.131 (2005).

[3] *See* Rec. at pp. 258-96.

found that the Plaintiff was not disabled in light of her ability to perform her past relevant work or other work in the national economy.[4]  The Appeals Council declined jurisdiction,[5] and the present action followed.

### STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  To make this determination, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings . . . ."  *Id.* at 1262.  If the SSA's decision lacks substantial evidence, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

### STEP TWO

In part, Ms. Tillison alleges a failure to consider certain medical evidence at step two.  She is correct.

#### Duty at Step Two

At step two, the plaintiff must demonstrate a "severe" impairment or combination of impairments which significantly limits her ability to perform basic work activities.  *See* 20 C.F.R. § 404.1520(c) (2005).  The severity analysis is based solely on medical factors and

---

[4]   Rec. at pp. 22-26.

[5]   Rec. at pp. 7-9.

requires only a "de minimis" showing of an impairment. *See Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). A finding of non-severity requires the judge to:

- evaluate the medical findings which describe the impairment, and

- make an informed judgment about the effect on the claimant's ability to perform basic work activities.

*See* Social Security Ruling 85-28, Titles II and XVI: Medical Impairments that Are Not Severe, 1985 WL 56856, Westlaw op. at 4 (1985).

### The Step Two Findings

At step two, the administrative law judge concluded that by December 31, 2001, the Plaintiff had severe impairments involving:

- cervical-thoracic-lumbosacral strain,

- left shoulder strain,

- adhesive capsulitis (frozen joint) of the left shoulder, and

- carpal tunnel syndrome.

Rec. at p. 25. The judge also found that after February 2002, Ms. Tillison had developed additional severe impairments involving:

- chronic pain in her lower back, hips, and leg;

- secondary degenerative disc disease;

- peripheral vascular disease; and

- Raynaud's disease.

*Id.* at pp. 24-25.  According to the Plaintiff, the judge failed to consider medical evidence reflecting severity of the pain on or before December 31, 2001.  Ms. Tillison is correct.

<u>The Medical Evidence</u>

Both parties refer in part to medical evidence before the alleged onset date and after expiration of Ms. Tillison's insured status.  Plaintiff's Opening Brief at pp. 2-10, 19-20, 23 (Dec. 7, 2006); Brief in Support of the Commissioner's Decision at pp. 4-8 (Jan. 26, 2007). But defense counsel argues that the evidence is pertinent "only to the extent that [it] related to [Ms. Tillison's] condition before December 2001."  Brief in Support of the Commissioner's Decision at p. 3 (Jan. 26, 2007).

In his decision, the administrative law judge referred only to a single medical record generated between the alleged onset date and the termination of insurance status.  Rec. at pp. 22-23; *see id.* at p. 111.  The judge summarized the document to state that:

- "the claimant [had been] seen secondary to complaints of some intermittent lower abdomen and back pain,"

- "[p]hysical examination [had] revealed some tenderness to palpation of her left adnexal (uterine/pelvic) area," and

- the diagnosis involved "adnexal tenderness and pelvic pain secondary to adhesions."

*Id.* at pp. 22-23.

The judge then pointed to an examination in February 2002 where a doctor had:

- diagnosed sciatica, and

- acknowledged pain in the left hip which went down the Plaintiff's leg "off and on" for approximately one year and had "gotten worse [during the] past couple of months."

*Id.* at p. 110.

From these two medical records, the administrative law judge found that Ms. Tillison's pain in her lower back, hip, and leg had become severe only in February 2002. One cannot discern from the decision how the judge reached this conclusion.

As noted above, the judge referred only to a single medical record generated in the period described by defense counsel as the relevant time-frame: March 15, 2000, to December 31, 2001. *See supra* p. 4. That document did not minimize the pain. Instead, the physician noted that Ms. Tillison had continued to hurt in her "lower [abdomen] and back." Rec. at p. 111.[6]

Two treating physicians, Doctors Guin Johnson and Patrick Lo, treated Ms. Tillison for her pain between March 15, 2000, and December 31, 2001. In the course of this treatment, both doctors repeatedly found chronic, severe pain and the administrative law judge omitted any mention of the evidence in his decision.

For example, Dr. Johnson treated the Plaintiff between June 2000 and December 2001. Her findings during this period included diagnoses or assessments of:

---

[6] According to the Defendant, the medical note said that "medication [had] helped [the Plaintiff] 'a lot.'" Brief in Support of the Commissioner's Decision at p. 5 (Jan. 26, 2007). The summary is misleading, as the reference stated in its entirety: "Pt still hurting [left] lower abd & back. pt was taking Vicoprofen which helped a lot - ran out. Still hurting, maybe a little better, but wakes." Rec. at p. 111.

- left leg pain from the hip all the way down for about 2-3 weeks (June 1, 2000),[7]

- sciatica/sacroiliitis (June 1, 2000),[8]

- "severe" left leg pain (June 19, 2000),[9] and

- pain in the lower back and pelvic area (October 27, 2000).[10]

Dr. Patrick Lo also treated the Plaintiff between March 15, 2000, and December 31, 2001, and found:

- chronic neck pain in June 2000, December 2000, April 2001, and November 2001,[11] and

- chronic back pain in June 2000 and April 2001.[12]

In January 2005, the Plaintiff testified about her pain. *Id.* at pp. 266-89. Approximately three months later, Dr. S. A. Chaudry examined the Plaintiff and assessed her physical condition. *Id.* at pp. 212-15. According to defense counsel, Dr. Chaudry's findings "affirmatively contradicted [Ms. Tillison's] claims that she had back and leg impairment prior to December 2001 because she had full muscle strength and range of motion as recently

---

[7]     Rec. at p. 116.

[8]     Rec. at p. 116. Sciatica is a "condition[] that can cause pain." *Ribaudo v. Barnhart*, 458 F.3d 580, 585 (7th Cir. 2006).

[9]     Rec. at p. 115.

[10]    Rec. at p. 114.

[11]    Rec. at pp. 151-54.

[12]    Rec. at pp. 152, 154.

as 2005." Brief in Support of the Commissioner's Decision at p. 7 (Jan. 26, 2007). This argument is invalid for three reasons.

First, the judge never mentioned Dr. Chaudry's report. Thus, there is no basis for anyone to guess how the judge would have interpreted the report. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("the district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself" (citations omitted)).

Second, defense counsel argues that testimony in 2005 was irrelevant because the insurance had already expired,[13] and Dr. Chaudry examined Ms. Tillison even later.

Third, the Defendant's interpretation of the report is incomplete. In assessing the neurological system, Dr. Chaudry did remark that Ms. Tillison had "move[d] all extremities normally." Rec. at p. 214. But on the same page, Dr. Chaudry:

- examined the cervical spine and found "[p]ainful range of motion," and

- examined the lumbosacral spine and found "painful range of motion with paraspinous muscular tenderness."

*Id.* Elsewhere in the report, Dr. Chaudry assessed the musculoskeletal condition to include "[n]eckache, lower back pain, [and] pain in the extremities." *Id.* at p. 213. Thus, one cannot reasonably interpret the report to reflect "full muscle strength and range of motion" or to "affirmatively contradict[] [Ms. Tillison's] claims that she had back and leg impairment prior

---

[13]   *See supra* pp. 4-5.

to December 2001 . . . ." Brief in Support of the Commissioner's Decision at p. 7 (Jan. 26, 2007).

For these three reasons, the Defendant's *post-hoc* reliance on Dr. Chaudry's assessment is misguided.

Two doctors extensively treated Ms. Tillison for pain during the period which defense counsel describes as dispositive. During this period, the two physicians described the pain as "chronic" and "severe." *See supra* pp. 5-6. The administrative law judge disregarded pertinent reports by the two physicians and concluded, without any explanation, that the pain did not become severe until February 2002. Rec. at p. 24. One cannot discern from the decision or the medical record how the administrative law judge reached this conclusion. The omissions were fatal and require reversal and remand.[14]

## THE PLAINTIFF'S OTHER ALLEGATIONS

Ms. Tillison also urges errors in the assessments of credibility and residual functional capacity. The Court need not address these issues, as the suggested remand would entail

---

[14] *See Langley v. Barnhart*, 373 F.3d 1116, 1119, 1123 (10th Cir. 2004) (holding that the administrative law judge had committed reversible error at step two through the failure to consider medical opinions including chronic pain); *see also Isokariari v. Chater*, 89 F.3d 850, 1996 WL 293832, Westlaw op. at 1-2 (10th Cir. June 4, 1996) (unpublished op.) (holding that the administrative law judge had erroneously disregarded a physician's diagnosis of moderately severe sciatica).

reevaluation of Ms. Tillison's pain beginning at step two and could affect the remaining challenges.[15]

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse the SSA's decision and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is April 23, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is terminated.

Entered this 30th day of March, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[15] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand."); *see also Isokariari v. Chater*, 89 F.3d 850, 1996 WL 293832, Westlaw op. at 2 (10th Cir. June 4, 1996) (unpublished op.) (noting that consideration of a physician's diagnosis of moderately severe sciatica could have affected the administrative law judge's credibility determination).